# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

BRENT EVERRETT RYAN                                                    PLAINTIFF

v.                                                    No. 1:16CV158-MPM-JMV

MIKE ARLEDGE, SHERIFF, ET AL.                                        DEFENDANTS


## JUDGMENT

The court has considered the file and records in this action, including the Report and Recommendation of the United States Magistrate Judge and the objections to the Report and Recommendation, and finds that the Magistrate Judge's Report and Recommendation should be approved and adopted as the opinion of the court, with one minor change.

The plaintiff argues in his objection to the Report and Recommendation that the rule for evaluating a due process claim under *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) applies only to convicted inmates, not pretrial detainees.   He is correct; the rule for evaluating due process claims for pretrial detainees is that, in considering this type of claim:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.

*Bell v. Wolfish*, 441 U.S. 520, 538, 99 S. Ct. 1861, 1873, 60 L. Ed. 2d 447 (1979).   The court must, however, give deference to prison officials in matters involving discipline and custody classification:

> Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."   *Kennedy v. Mendoza-Martinez,* 372 U.S., at 168-169, 83 S.Ct., at 567-568; see *Flemming v. Nestor, supra,* 363 U.S., at 617, 80 S.Ct., at 1376.   Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."

*Bell*, 441 U.S. at 538–39.   In addition,

> the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment.

*Id.* at 540.   A court may not simply substitute its own judgment for that of prison officials:

> Courts must be mindful that these inquiries spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.

*Id*. at 539.   When considering all aspects of the rules in *Sandin* and *Bell*, practically speaking, the rules are extremely similar.

With these rules in mind, the court finds that Mr. Ryan's allegation regarding his placement on administrative segregation for a month fails to state a claim upon which relief could be granted.   In his innumerable grievances regarding the illicit use of his prison account, Ryan accused some of his fellow inmates of taking his funds – a state of affairs likely to anger the accused inmates – and others – against him.   Long experience has shown that inmates often turn violently on one of their own who has turned "snitch."   Jail can be a dangerous place, and the court will not second-guess the decision by jail officials to temporarily isolate Ryan from other inmates in this situation.   Thus, while the Magistrate Judge's path to the outcome of this claim was erroneous, the ultimate ruling was correct.

It is, therefore, **ORDERED**:

1.     That the plaintiff's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2.     That the Report and Recommendation of the United States Magistrate Judge (as modified) is hereby **APPROVED AND ADOPTED** as the opinion of the court; and

3.     That the following claims should be dismissed with prejudice:   taking of property without due process, changing custody classification without due process, and the state law tort of

defamation;

4.     That the following defendants should also be dismissed for failure to state a valid constitutional claim against them:   Sheriff Mike Arledge (in his individual capacity), Chief Deputy Mark Miley, Captain Rick Jones, Captain Ryan Rickert, Sgt. Eric Granderson, Sgt. S. Cunningham, Officer Monica Tate, Corporal D. Tate, Candy Davis, the Lowndes County Adult Detention Center, and Karen Stanford;

5.     That the plaintiff's claims against the Sheriff Arledge that he instituted policies of unconstitutionally harsh conditions of confinement and to move any inmate who filed a grievance to isolation will **PROCEED**;

6.     That the plaintiff's claim against defendant Barry Stanford and Officer D. Shelton that they retaliated against him for repeatedly filing grievances regarding the taking of his inmate account funds will **PROCEED**;

7.     That the plaintiff's claim against Officer Chris Black that he and others used excessive force against the plaintiff during arrest will **PROCEED**;

8.     That the plaintiff's claim against Nurse Kay Watts that she denied him adequate medical treatment will **PROCEED**; and,

9.     Though he does not, at present, know the names of the defendants involved, the following claims will **PROCEED**:   (1) failure to protect against the assault of other inmates for being a "whistleblower," (2) frustration in several ways of his ability to defend the criminal charges against him, (3) unconstitutionally harsh general conditions of confinement (crowded cells, sleeping on the floor, disruptive mentally ill inmates, flooding in cell, etc.)

**SO ORDERED**, this, the 30th day of March, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**