# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**BRENT EVERRETT RYAN**                                                                               **PLAINTIFF**

**v.**                                                       **No. 1:16CV158-MPM-JMV**

**MIKE ARLEDGE, SHERIFF, ET AL.**                                                    **DEFENDANTS**

## ORDER DISMISSING CASE AS VEXATIOUS

This matter comes before the court after the plaintiff's responses [68], [69], [70] to the court's order [62] that he show cause why the case should not be dismissed because he made demonstrably false allegations and thus attempted to perpetrate a fraud upon the court. Specifically, the plaintiff alleged that defendant Betty McElrath prevented him from ever obtaining counsel to defend him against criminal charges and, after conviction, to prosecute a direct appeal. As set forth in the court's show-cause order [62], these allegations are demonstrably false for two reasons. First, the docket of the Mississippi Supreme Court makes clear that Ryan was represented by appointed counsel from shortly after his indictment through the prosecution of his appeal to completion. Indeed, he was represented by appellate counsel on July 17, 2017, the time he alleged in a motion that he was unrepresented. Second, during a substantial part of the time in question, Ryan was housed in a facility far from Ms. McElrath; as such, she could not have hindered his ability to obtain counsel during that time.

Mr. Ryan responded [68], [69], [70] to the court's show-cause order; however, his responses did not address his fabrications. In his responses, he argued that it took too long to obtain counsel and that neither trial nor appellate counsel represented him effectively. These allegations are a far cry from:

Ms. McElrath has refused to produce the paperwork for plaintiff to obtain counsel, and

> *still today Monday, July 17, 2017, the plaintiff is still unable to defend himself against criminal charges against himself.*

Doc. 43 at 6. (emphasis added). Thus, Mr. Ryan has not shown, or even argued, that the allegations at issue were true.

The allegations in Mr. Ryan's various responses involve issues which, if resolved in his favor, would call into question the validity of his conviction. These issues must be resolved through a petition for a writ of *habeas corpus*, not an action under 42 U.S.C. § 1983. Mr. Ryan must overturn his conviction through other means, such as a *habeas corpus* petition, before seeking relief for these types of errors in the prosecution of his criminal charges. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

For these reasons, Mr. Ryan has not explained why the court should permit this case to proceed, despite his demonstrably false statements. As such, the instant case is **DISMISSED** as malicious, counting as a "strike" under 28 U.S.C. § 1915(g). In light of this ruling, the motions currently pending in this case are **DISMISSED** as moot.

**SO ORDERED**, this, the 8th day of November, 2017.

/s/MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**