# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**BRENT EVERRETT RYAN**                                           **PLAINTIFF**

**v.**                                           **No. 1:16CV158-MPM-JMV**

**MIKE ARLEDGE, SHERIFF, ET AL.**                           **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTION [76]
## FOR RELIEF FROM JUDGMENT

This matter comes before the court on the plaintiff's motion [76] under Fed. R. Civ. P. 59(e) to alter or amend the court's judgment [72] of dismissal of this case as malicious. In the judgment of dismissal, the court noted that the plaintiff had represented to the court:

> Ms. McElrath has refused to produce the paperwork for plaintiff to obtain counsel, and still today Monday, July 17, 2017, the plaintiff is still unable to defend himself against criminal charges against himself.

Doc. 43 at 6. The court noted that the plaintiff had been represented by counsel as to the felony charges for a period of years – up to and including the date he made the above statement, when he was represented by *two* attorneys on his direct appeal. The court also noted that for a substantial portion of the relevant time period, Mr. Ryan was not incarcerated in the facility where Ms. McElrath worked – and was thus not subject to her influence or interference regarding appointment of counsel.[1]

Mr. Ryan now argues that he was not referring to a lack of representation as to his felony charges; instead, he was referring to a misdemeanor charge of resisting arrest in Lowndes County Justice Court, *State of Mississippi v. Brent Ryan*, 2-11902. He also argues that the statement was referring to a lack of representation during his pursuit of state post-conviction collateral relief. Thus, he now alleges that the statement applied both to his defense against misdemeanor charges and his

---

[1] Mr. Ryan did not address this point in his response to the court's show cause order.

pursuit of state post-conviction relief.

These allegations are dubious, at best. Mr. Ryan has submitted numerous lengthy pleadings, motions, supplements, and responses to the court, but never mentioned a failure to appoint counsel as to the misdemeanor charge or state post-conviction collateral relief until the court issued the show-cause order. The order made clear that, despite his representation to the contrary, Mr. Ryan was represented by multiple attorneys throughout the trial on felony charges and during the direct appeal of his conviction. In any event, as discussed below, Mr. Ryan's new allegations are also frivolous.

The State was not required to appoint counsel in either of these scenarios (with a single exception regarding appointment of counsel to defend misdemeanor charges, which the court will discuss below). First, the right to counsel extends only through the first appeal as of right – and not through state post-conviction collateral relief proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L. Ed. 2d 539 (1987). Thus, Mr. Ryan was not entitled to counsel during his pursuit of state post-conviction relief.

In addition, the right to counsel does not apply to defense of misdemeanor charges – unless the sentence ultimately imposed includes a term of imprisonment:

> We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.

*Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S. Ct. 1158, 1162, 59 L. Ed. 2d 383 (1979). Mr. Ryan has not alleged that he was ever prosecuted or sentenced on the misdemeanor resisting arrest charge, much less that he was sentenced to a term of incarceration.[2] As such, Mr. Ryan has not

---

[2] Indeed, upon a defendant's conviction on felony charges, prosecutors nearly always remand related misdemeanor charges to the file.

alleged facts sufficient to support his claim that he was constitutionally entitled to representation for the misdemeanor charge.

Finally, even if Mr. Ryan could show that he had been convicted on the misdemeanor charge without counsel and sentenced to a term of imprisonment, he is barred from pursuing relief under 42 U.S.C. § 1983 regarding that conviction until it has been:

> *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372 (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the Section 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Again, Mr. Ryan has not even alleged that he has been convicted on the misdemeanor charge – or that he was sentenced to a term of incarceration – or that the conviction was later invalidated. As such, this claim is also frivolous.

### Conclusion

For the reasons set forth above, the court finds that the dismissal of this case as malicious was proper. Despite Mr. Ryan's belated assertions to the contrary, his statement regarding lack of representation involved his felony charges, not his misdemeanor charges or his pursuit of state post-conviction collateral relief. Further, even if the statement involved misdemeanor charges and state post-conviction relief, these claims are, themselves, frivolous – and evidence of malicious intent in filing the instant case. As such, the plaintiff's motion under Fed. R. Civ. P. 59(e) is without merit and is **DENIED**. In light of this ruling, any motions currently pending in this case are **DISMISSED** as moot.

**SO ORDERED**, this, the 29th day of November, 2017.


                              **/s/ MICHAEL P. MILLS**
                              **UNITED STATES DISTRICT JUDGE**
                              **NORTHERN DISTRICT OF MISSISSIPPI**